UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..............................................X

GARY S. SCHLATTER, ROBERT C. GUST, MICHAEL I. FRIESS, and ALLEN R. GOLDSTONE,

Plaintiffs,

v.

CHINA PRECISION STEEL, INC., as Successor-in-Interest to ORALABS HOLDING CORP.,

Defendant.

Civil Action No. 13-cv-02793
ECF CASE

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs Gary H. Schlatter, Robert C. Gust, Michael I. Friess, and Allen R. Goldstone (collectively, the "Director Plaintiffs"), through counsel, Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C., hereby submit their Complaint for Declaratory Relief against Defendant China Precision Steel, Inc. ("Defendant CPS"), as successor-in-interest to OraLabs Holding Corp. ("OraLabs"), and state and allege the following:

## NATURE OF THE ACTION AND BACKGROUND INFORMATION

1. This is a civil action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 brought by the Director Plaintiffs for the purpose of enforcing their rights to indemnification by Defendant CPS pursuant to the Second Amended and Restated Bylaws of OraLabs Holding Corp. (the "Bylaws") for the reasonable expenses incurred by them in connection with the defense of a case brought against them in the United States District Court for the Southern District of New York, Civil Action No. 1:12-cv-01793-ALC (the "Underlying Case").

2. The Director Plaintiffs were directors of OraLabs at all times relevant to this action. Specifically, Director Plaintiffs were directors of OraLabs prior to and during the merger of OraLabs and Defendant CPS. The claims brought against the Director Plaintiffs individually in the Underlying Case relate directly to and arise from their actions as directors of OraLabs.

3. On December 27, 2012, the Director Plaintiffs filed a Motion for Court Ordered Indemnification in the Underlying Case requesting that Court enter an order requiring immediate indemnification and enforcement of the indemnification agreement between them and Defendant CPS, as successor-in-interest to OraLabs. Defendant CPS and OraLabs submitted an Opposition to the Director Plaintiffs Motion for Indemnification, and Director Plaintiffs replied. Thus, on March 7, 2013, the Motion for Indemnification was fully briefed and ripe for ruling.

4. On March 13, 2013, the Honorable Andrew L. Carter, Jr., United States District Judge, entered an order dismissing with prejudice all of the claims against the Director Plaintiffs and the Underlying Case in its entirety.

5. On April 16, 2013, the Director Plaintiffs appeared through counsel for a telephonic status conference with the Court in the Underlying Case. During this conference, the Court stated that it would not rule on the fully-briefed and pending Motion for Indemnification.

6. The following day on April 17, the plaintiffs in the Underlying Case, Haining Zhang and China Venture Partners, Inc., filed a timely Notice of Appeal to appeal the dismissal of their case (the "Appeal").

7. The Plaintiff Directors have incurred approximately $56,000 in reasonable defense expenses and costs, including attorneys' fees, as of the date of this Complaint in defending against the Underlying Case. They will incur additional expenses and costs in excess

of $20,000 in pursuing this action and in defending against the Appeal. Accordingly, the value of the object of this litigation, and therefore, the amount in controversy exceeds $75,000.

## PARTIES

8.      Plaintiff Gary H.. Schlatter is Colorado resident transacting business at 18685 E. Plaza Drive, Parker, Colorado, 80134.

9.      Plaintiff Robert C. Gust is an Illinois resident residing at 7N551 Cloverfield Circle, St. Charles, Illinois, 60175.

10.      Plaintiff Michael I. Friess is a Colorado resident transacting business at 2356 Tamarack Avenue, Boulder, Colorado, 80304.

11.      Plaintiff Allen R. Goldstone is a Colorado resident transacting business at 2575 Pearl Street, Suite 220, Boulder, Colorado, 80302.

12.      Defendant China Precision Steel, Inc. is a publicly-traded Delaware corporation with a principal place of business located at 18th Floor, Teda Building, 87 Wing Lok Street, Sheungwan, Hong Kong, People's Republic of China. Defendant CPS can be served through its registered agent, the Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13.      OraLabs Holding Corp. was a Colorado corporation with a principal place of business located in Parker, Colorado. In or around November, 2007 OraLabs merged with Defendant CPS, and Defendant CPS is the surviving entity following the merger.

## JURISDICTION AND VENUE

14.      Plaintiff is informed, believes, and thereon alleges that CPS has sufficient general and specific contacts with this district and, in particular, the events alleged herein so as both to

subject Defendant CPS to personal jurisdiction in this judicial district and to make this Court a proper venue pursuant to 28 U.S.C. § 1391(b).

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

**FACTUAL ALLEGATIONS**

16. In or around November of 2007 Defendant CPS and OraLabs merged (the "Merger"), and Defendant CPS is the surviving entity of that merger.

17. The Director Plaintiffs were directors of OraLabs prior to and during the Merger.

18. Pursuant to the Bylaws, the Director Plaintiffs, as former directors of OraLabs, are entitled to indemnification relating to all claims asserted against them individually that relate directly to and arise from their actions as directors of OraLabs. The Bylaws provide that:

> the corporation shall indemnify against liability incurred in any proceeding against a director or officer if: (i) he or she conducted himself in good faith; (ii) he or she reasonably believed: (a) in the case of conduct in his or her official capacity with the corporation, that his or her conduct was in the corporation's best interest; or (b) in all other cases, that his or her conduct was at least not opposed to the corporation's best interests; and (iii) in the case of any criminal proceeding, he or she had no reasonable cause to believe his or her conduct was unlawful.

(See Second Amended and Restated Bylaws of OraLabs Holding Corp. attached hereto as Exhibit 1 at Article VI, Section 2.)

19. In addition to being entitled to mandatory indemnification from Defendant CPS for their costs in defending the Underlying Case, the Director Plaintiffs are also entitled to have Defendant CPS indemnify them for their reasonable expenses incurred in connection with this proceeding. See Exhibit 1 at Article VI, Section 3.

20. The Bylaws also provide that the Director Plaintiffs may apply for indemnification to this Court, and that this Court may order indemnification of the Director Plaintiffs if the Court finds that they are entitled to mandatory indemnification. If the Court so finds, the Bylaws state that the Court may order Defendant CPS to pay the Director Plaintiffs' reasonable expenses incurred both in defending the Underlying Case and in obtaining the court-ordered indemnification. See id.

21. The Bylaws also provide for the advanced payment of expenses incurred by the Director Plaintiffs in defending the Underlying Case and in obtaining court-ordered indemnification. See Exhibit 1 at Article VI, Section 5.

22. On November 30, 2011, Haining Zhang ("Zhang") filed a lawsuit in the Supreme Court of the State of New York against the Director Plaintiffs, among others, alleging claims against the Director Plaintiffs relating directly to and arising from their actions as directors of OraLabs.

23. Zhang subsequently voluntarily withdrew the New York State complaint and re-filed his lawsuit, together with his related entity, China Venture Partners, against the Director Plaintiffs on March 9, 2012, in the United States District Court for the Southern District of New York (the "SDNY Complaint").

24. The Director Plaintiffs filed a motion to dismiss the SDNY Complaint on May 22, 2012, but before the court had ruled on that motion, Zhang filed an amended complaint on June 11, 2012 (the "Amended SDNY Complaint").

25. The Amended SDNY Complaint alleged several claims against the Director Plaintiffs, all arising out of and relating directly to their actions as directors of OraLabs, including: breach of contract, breach of exclusive dealings agreement, quantum meruit,

fraudulent misrepresentation, fraudulent representation, misappropriation of trade secrets, misappropriation of confidential and proprietary data, unjust enrichment, and civil conspiracy.

26.     On June 29, 2012, the Director Plaintiffs filed a motion to dismiss the Amended SDNY Complaint, which that court granted on March 13, 2013.

27.     On April 17, 2013, Zhang filed a Notice of Appeal that he intends to appeal the dismissal of the Amended SDNY Complaint (the "Appeal"). Accordingly, the Director Plaintiffs will incur further defense costs in defending against the Appeal.

28.     The Director Plaintiffs  made two written attempts during the pendency of the Underlying Case, once on March 27, 2012, and again on June 25, 2012, to request indemnification from Defendant CPS for their costs in defending the Underlying Case pursuant to Article VI, Section 3 of the Bylaws.  See Exhibit 1.  Defendant CPS denied both of the Director Plaintiffs'.

29.     Also as required by the Bylaws, each of the Director Plaintiffs has given attestations that they are individual defendants in the Underlying Case; that they are former directors of OraLabs Holding Corp.; that they acted in good faith in all actions related to the merger between OraLabs Holding Corp. and China Precision Steel, Inc.; that their conduct related to the merger between OraLabs Holding Corp. and China Precision Steel, Inc. was in the corporation's best interest; that they have no reason to believe that any of their conduct related to the merger was unlawful; and that they agreed to repay any advances for litigation costs and expenses should it be determined that they did not comply with the standards set forth in the Bylaws.

30.     Each of the Director Plaintiffs has fully complied with the procedure set out in the Bylaws, and the Underlying Case against them has been dismissed.   Accordingly, the Director

Plaintiffs are entitled to immediate indemnification and advancement of litigation expenses and costs incurred: in defending against the Underlying Case; in seeking indemnification in the Underlying Case; in this proceeding; and to be incurred in defending the forthcoming Appeal.

## CAUSE OF ACTION - DECLARATORY JUDGMENT

31.     The Director Plaintiffs re-allege and incorporate by reference all prior allegations.

32.     There is an actual and justiciable controversy concerning the Director Plaintiffs' legal rights to indemnification and Defendant CPS' duties.

33.     The Director Plaintiffs seek a judicial determination and declaration regarding their rights to be indemnified by Defendant CPS for the reasonable expenses and costs, including attorneys' fees, that they have incurred in defending the Underlying Case and in seeking indemnification in this proceeding, and their rights to an advancement of litigation expenses and costs that they have or will incur in defending the Appeal.

34.     Accordingly, pursuant to the Bylaws and New York law, the Director Plaintiffs request that the Court enter an order requiring Defendant CPS to indemnify and advance of defense costs, including reasonable attorneys' fees.

WHEREFORE, Plaintiffs Gary H. Schlatter, Robert C. Gust, Michael I. Friess, and Allen R. Goldstone request the Court to grant a judgment declaring that the Director Plaintiffs are entitled to indemnification and advancement of  defense costs, including reasonable attorneys' fees, from Defendant China Precision Steel, Inc., as successor-in-interest to OraLabs Holding Corp.

Dated: Denver, Colorado
April 23, 2013

ROBINSON, WATERS & O'DORISIO, P.C.

Anthony L. Leffert, (ALL 2375)
1099 18th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 297-2600
Facsimile: (303) 297-2750

*Attorneys for Defendants Gary H. Schlatter, Robert C. Gust, Michael I. Friess, and Allen R. Goldstone*

</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX 3 1 .1
<SEQUENCE>2
<DESCRIPTION>SECOND AMENDED AND RESTATED BYLAWS
<TEXT>

Exhibit 3 1 1

Table of Contents

| Article | | Page |
|---|---|---|
| I | Offices | 1 |
| II | Shareholders | 1 |
| III | Board of Directors | 5 |
| IV | Officers and Agents | 13 |
| V | Stock | 15 |
| VI | Indemnification of Certain Persons | 16 |
| VII | Miscellaneous | 26 |

SECOND AMENDED AND RESTATED BYLAWS
OF
ORALABS HOLDING CORP

ARTICLE I
Offices

The principal office of the corporation shall be designated from time to time by the corporation and may be within or outside of Colorado

The corporation may have such other offices, either within or outside Colorado, as the board of directors may designate or as the business of the corporation may require from time to time

The registered office of the corporation required by the Colorado Business Corporation Act to be maintained in Colorado may be, but need not be, identical with the principal office, and the address of the registered office may be changed from time to time by the board of directors.

ARTICLE II
Shareholders

EXHIBIT 1

http://www.sec.gov/Archives/edgar/data/1044577/0001000096-99-...

Section 1 Annual Meeting. (i) The annual meeting of the shareholders shall be held on a date and at a time fixed by the board of directors of the corporation (or by the president in the absence of action by the board of directors). At each annual meeting, (a) directors shall be elected from the persons who are nominated in accordance with the procedures set forth in Article III, Section 16 below and (b) any proper business shall be conducted which has been submitted in accordance with the procedures set forth in paragraph (iii) of this Section 1.If the election of directors is not held on the day fixed as provided herein for any annual meeting of the shareholders, or any adjournment thereof, the board of directors shall cause the election to be held at a special meeting of the shareholders as soon thereafter as it may conveniently be held.

<PAGE>

(ii) A shareholder may apply to the district court in the county in Colorado where the corporation's principal office is located or, if the corporation has no principal office in Colorado, to the district court of the county in which the corporation's registered office is located to seek an order that a shareholder meeting be held (a) if an annual meeting was not held within six months after the close of the corporation's most recently ended fiscal year or fifteen months after its last annual meeting, whichever is earlier, or (b) if the shareholder participated in a proper call of or proper demand for a special meeting and notice of the special meeting was not given within thirty days after the date of the call or the date the last of the demands necessary to require calling of the meeting was received by the corporation pursuant to C.R.S. ss. 7-107-102(1)(b), or the special meeting was not held in accordance with the notice.

(iii) Only proper business which has been submitted in accordance with the following procedures shall be conducted at the annual meeting. Submissions of proper business to be conducted at the annual meeting may be made at such meeting by or at the direction of the Board of directors, by any committee or persons appointed by the Board of directors or by any shareholder of the corporation who complies with the notice procedures set forth in this paragraph. Such submissions of proper business by any shareholder shall be made pursuant to timely notice in writing to the Secretary of the corporation. To be timely, a shareholder's notice shall be delivered to, or mailed and received at, the principal business offices of the corporation not less than sixty (60) days in advance of the date of the corporation's proxy statement released to shareholders in connection with the previous year's annual meeting of shareholders, except that if no annual meeting was held in the previous year or there was no proxy statement released to shareholders in connection with the previous year's annual meeting, the notice shall be delivered to, or mailed and received at, the principal business offices of the corporation not less than sixty (60) days prior to the date of the upcoming annual meeting. Such shareholder's notice to the Secretary shall set forth (a) a description of the proper business submitted for consideration at the annual meeting and the reasons for conducting such business at the meeting, and if such business includes a proposal to amend the bylaws of the corporation, the language of the proposed amendment (b) the name and record address of the shareholder giving the notice (c) the class and number of shares of capital stock of the corporation which are beneficially owned by the shareholder and (d) any material interest of the shareholder in the business. No proper business shall be conducted at the annual meeting unless submitted in accordance with the procedures set forth herein The Chairman of the Board shall if the facts warrant, determine and declare to the meeting that a submission of proper business was not made in accordance with the foregoing procedure and if he should so determine, he shall so declare to the meeting and the defective submission shall be disregarded

Section 2. Special Meetings Unless otherwise prescribed by statute, special meetings of the shareholders may be called for any purpose by the president or by the board of directors. The president shall call a special meeting of the shareholders if the corporation receives one or more written demands for the meeting, stating the purpose or purposes for which it is to be held, signed and dated by holders of shares representing at least ten percent of all the votes entitled to be cast on any issue proposed to be considered at the meeting.

Section 3. Place of Meeting. The board of directors may designate any place, either within or outside Colorado, as the place for any annual meeting or any special meeting called by the board of directors. A waiver of notice signed by all shareholders entitled to vote at a meeting may designate any place, either within or outside Colorado, as the place for such meeting If no designation is made, or if a special meeting is called other than by the board, the place of meeting shall be the principal office of the corporation

<PAGE>

Section 4. Notice of Meeting. Written notice stating the place, date, and hour of the meeting shall be given not less than ten nor more than sixty days before the date of the meeting, except (i) that if the number of authorized shares is to be increased, at least thirty days notice shall be given, or (ii) if any other longer notice period is required by the Colorado Business Corporation Act. Notice of a special meeting shall include a description of the purpose or purposes of the meeting Notice of an annual meeting need not include a description of the purpose or purposes of the meeting except the purpose or purposes shall be stated with respect to (i) an amendment to the articles of incorporation of the corporation, (ii) a merger or share exchange in which the corporation is a party and, with respect to a share exchange, in which the corporation's shares will be acquired, (iii) a sale, lease, exchange or other disposition, other than in the usual and regular course of business of all or substantially all of the property of the corporation or of another entity which this corporation controls, in each case with or without the goodwill, (iv) a dissolution of the corporation, or (v) any other purpose for which a statement of purpose is required by the Colorado Business Corporation Act. Notice shall be given personally or by mail, private carrier, telegraph, teletype, electronically transmitted facsimile or other form of wire or wireless communication by or at the direction of the president, the secretary, or the officer or persons calling the meeting, to each shareholder of record entitled to vote at such meeting. If mailed and if in a comprehensible form, such notice

3/12/2012 3:27 PM

shall be deemed to be given and effective when deposited in the United States mail, addressed to the shareholder at his address as it appears in the corporation's current record of shareholders, with postage prepaid. If notice is given other than by mail, and provided that such notice is in a comprehensible form, the notice is given and effective on the date received by the shareholder.

If requested by the person or persons lawfully calling such meeting, the secretary shall give notice thereof at corporate expense. No notice need be sent to any shareholder if three successive notices mailed to the last known address of such shareholder have been returned as undeliverable until such time as another address for such shareholder is made known to the corporation by such shareholder. In order to be entitled to receive notice of any meeting, a shareholder shall advise the corporation in writing of any change in such shareholder's mailing address as shown on the corporation's books and records.

When a meeting is adjourned to another date, time or place, notice need not be given of the new date, time or place if the new date, time or place of such meeting is announced before adjournment at the meeting at which the adjournment is taken. At the adjourned meeting the corporation may transact any business which may have been transacted at the original meeting. If the adjournment is for more than 120 days, or if a new record date is fixed for the adjourned meeting, a new notice of the adjourned meeting shall be given to each shareholder of record entitled to vote at the meeting as of the new record date

A shareholder may waive notice of a meeting before or after the time and date of the meeting by a writing signed by such shareholder. Such waiver shall be delivered to the corporation for filing with the corporate records. Further, by attending a meeting either in person or by proxy, a shareholder waives objection to lack of notice or defective notice of the meeting unless the shareholder objects at the beginning of the meeting to the holding of the meeting or the transaction of business at the meeting because of lack of notice or defective notice. By attending the meeting, the shareholder also waives any objection to consideration at the meeting of a particular matter not within the purpose or purposes described in the meeting notice unless the shareholder objects to considering the matter when it is presented.

Section 5. Fixing of Record Date. For the purpose of determining shareholders entitled to (i) notice of or vote at any meeting of shareholders or any adjournment thereof, (ii) receive distributions or share dividends, or (iii) demand a special meeting, or to make a determination of shareholders for any other proper purpose, the board of directors may fix a future date as the record date for any such determination of shareholders, such date in any case to be not

-3-

<PAGE>

more than seventy days, and, in case of a meeting of shareholders, not less than ten days, prior to the date on which the particular action requiring such determination of shareholders is to be taken If no record date is fixed by the directors, the record date shall be the date on which notice of the meeting is mailed to shareholders or the date on which the resolution of the board of directors providing for a distribution is adopted as the case may be. When a determination of shareholders entitled to vote at any meeting of shareholders is made as provided in this Section, such determination shall apply to any adjournment thereof unless the board of directors fixes a new record date, which it must do if the meeting is adjourned to a date more than 120 days after the date fixed for the original meeting

Notwithstanding the above, the record date for determining the shareholders entitled to take action without a meeting or entitled to be given notice of action so taken shall be the date a writing upon which the action is taken is first received by the corporation. The record date for determining shareholders entitled to demand a special meeting shall be the date of the earliest of any of the demands pursuant to which the meeting is called.

Section 6. Voting Lists. The secretary shall make, at the earlier of ten days before each meeting of shareholders or two business days after notice of the meeting has been given, a complete list of the shareholders entitled to be given notice of such meeting or any adjournment thereof The list shall be arranged by voting groups and within each voting group by class or series of shares, shall be in alphabetical order within each class or series, and shall show the address of and the number of shares of each class or series held by each shareholder. For the period beginning the earlier of ten days prior to the meeting or two business days after notice of the meeting is given and continuing through the meeting and any adjournment thereof, this list shall be kept on file at the principal office of the corporation, or at a place (which shall be identified in the notice) in the city where the meeting will be held. Such list shall be available for inspection on written demand by any shareholder (including for the purpose of this Section 6 any holder of voting trust certificates) or his agent or attorney during regular business hours and during the period available for inspection. The original stock transfer books shall be prima facie evidence as to the shareholders entitled to examine such list or to vote at any meeting of shareholders

Any shareholder, his agent or attorney may copy the list during regular business hours and during the period it is available for inspection provided (i) the shareholder has been a shareholder for at least three months immediately preceding the demand or holds at least five percent of all outstanding shares of any class of shares as of the date of the demand, (ii) the demand is made in good faith and for a purpose reasonably related to the demanding shareholder's interest as a shareholder, (iii) the shareholder describes with reasonable particularity the purpose and the records the shareholder desires to inspect, (iv) the records are directly connected with the described purpose, and (v) the shareholder pays a reasonable charge covering the costs of labor and material for such copies, not to exceed the estimated cost of production and reproduction.

Section 7. Recognition Procedure for Beneficial Owners The board of directors may adopt by resolution a procedure whereby a shareholder of the corporation may certify in writing to the corporation that all or a portion of the shares registered in the name of such shareholder are held for the account of a specified person or persons. The resolution may set forth (i) the types of nominees to which it applies, (ii) the rights or privileges that the corporation

will recognize in a beneficial owner, which may include rights and privileges other than voting, (iii) the form of certification and the information to be contained therein, (iv) if the certification is with respect to a record date, the time within which the certification must be received by the corporation, (v) the period for which the nominee's use of the procedure is effective, and (vi)

<PAGE>

such other provisions with respect to the procedure as the board deems necessary or desirable. Upon receipt by the corporation of a certificate complying with the procedure established by the board of directors, the persons specified in the certification shall be deemed, for the purpose or purposes set forth in the certification, to be the registered holders of the number of shares specified in place of the shareholder making the certification

Section 8 Quorum and Manner of Acting. A majority of the votes entitled to be cast on a matter by a voting group shall constitute a quorum of that voting group for action on the matter. If less than a majority of such votes are represented at a meeting, a majority of the votes so represented may adjourn the meeting from time to time without further notice, for a period not to exceed 120 days for any one adjournment. If a quorum is present at such adjourned meeting, any business may be transacted which might have been transacted at the meeting as originally noticed. The shareholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum, unless the meeting is adjourned and a new record date is set for the adjourned meeting.

If a quorum exists, action on a matter other than the election of directors by a voting group is approved if the votes cast within the voting group favoring the action exceed the votes cast within the voting group opposing the action, unless the vote of a greater number or voting by classes is required by law or the articles of incorporation

Section 9. Proxies. At all meetings of shareholders, a shareholder may vote by proxy by signing an appointment form or similar writing, either personally or by his duly authorized attorney-in-fact. A shareholder may also appoint a proxy by transmitting or authorizing the transmission of a telegram, teletype, or other electronic transmission providing a written statement of the appointment to the proxy, a proxy solicitor, proxy support service organization, or other person duly authorized by the proxy to receive appointments as agent for the proxy, or to the corporation The transmitted appointment shall set forth or be transmitted with written evidence from which it can be determined that the shareholder transmitted or authorized the transmission of the appointment. The proxy appointment form or similar writing shall be filed with the secretary of the corporation before or at the time of the meeting. The appointment of a proxy is effective when received by the corporation and is valid for eleven months unless a different period is expressly provided in the appointment form or similar writing

Any complete copy, including an electronically transmitted facsimile, of an appointment of a proxy may be substituted for or used in lieu of the original appointment for any purpose for which the original appointment could be used.

Revocation of a proxy does not affect the right of the corporation to accept the proxy's authority unless (i) the corporation had notice that the appointment was coupled with an interest and notice that such interest is extinguished is received by the secretary or other officer or agent authorized to tabulate votes before the proxy exercises his authority under the appointment, or (ii) other notice of the revocation of the appointment is received by the secretary or other officer or agent authorized to tabulate votes before the proxy exercises his authority under the appointment Other notice of revocation may, in the discretion of the corporation, be deemed to include the appearance at a shareholders' meeting of the shareholder who granted the proxy and his voting in person on any matter subject to a vote at such meeting

The death or incapacity of the shareholder appointing a proxy does not affect the right of the corporation to accept the proxy's authority unless notice of the death or incapacity is received by the secretary or other officer or agent authorized to tabulate votes before the proxy exercises his authority under the appointment

<PAGE>

The corporation shall not be required to recognize an appointment made irrevocable if it has received a writing revoking the appointment signed by the shareholder (including a shareholder who is a successor to the shareholder who granted the proxy, either personally or by his attorney-in fact notwithstanding that the revocation may be a breach of an obligation of the shareholder to another person not to revoke the appointment.

Subject to Section 11 and any express limitation on the proxy s authority appearing on the appointment form, the corporation is entitled to accept the proxy's vote or other action as that of the shareholder making the appointment

Section 10 Voting of Shares Each outstanding share of common stock shall be entitled to one vote, except in the election of directors, and each fractional share shall be entitled to a corresponding fractional vote on each matter submitted to a vote at a meeting of shareholders. Each outstanding share of preferred stock shall have no voting rights except as expressly stated by the Board of directors when it specifies the preferences, rights and limitations of any such preferred shares or as required by law. Cumulative voting shall not be permitted in the election of directors or for any other purpose Each record holder of common stock shall be entitled to vote in the election of directors and shall have as many votes for each of the shares owned by him as there are directors to be elected and for whose election he has the right to vote.

At each election of directors, that number of candidates equaling the number of directors to be elected, having the highest number of votes cast in favor of their election shall be elected to the board of directors.

Except as otherwise ordered by a court of competent jurisdiction upon a finding that the purpose of this Section would not be violated in the circumstances presented to the court, the shares of the corporation are not entitled to be voted if they are owned, directly or indirectly, by a second corporation, domestic or foreign, and the first corporation owns, directly or indirectly, a majority of the shares entitled to vote for directors of the second corporation except to the extent the second corporation holds the shares in a fiduciary capacity.

Redeemable shares are not entitled to be voted after notice of redemption is mailed to the holders and a sum sufficient to redeem the shares has been deposited with a bank, trust company, or other financial institution under an irrevocable obligation to pay the holders the redemption price on surrender of the shares.

Section 11 Corporation's Acceptance of Votes. If the name signed on a vote, consent, waiver, proxy appointment, or proxy appointment revocation corresponds to the name of a shareholder, the corporation, if acting in good faith, is entitled to accept the vote, consent, waiver proxy appointment or proxy appointment revocation and give it effect as the act of the shareholder. If the name signed on a vote, consent, waiver, proxy appointment or proxy appointment revocation does not correspond to the name of a shareholder, the corporation, if acting in good faith, is nevertheless entitled to accept the vote, consent, waiver, proxy appointment or proxy appointment revocation and to give it effect as the act of the shareholder if:

-6-

<PAGE>

(i) the shareholder is an entity and the name signed purports to be that of an officer or agent of the entity;

(ii) the name signed purports to be that of an administrator, executor, guardian or conservator representing the shareholder and, if the corporation requests, evidence of fiduciary status acceptable to the corporation has been presented with respect to the vote, consent, waiver, proxy appointment or proxy appointment revocation;

(iii) the name signed purports to be that of a receiver or trustee in bankruptcy of the shareholder and, if the corporation requests, evidence of this status acceptable to the corporation has been presented with respect to the vote, consent, waiver, proxy appointment or proxy appointment revocation;

(iv) the name signed purports to be that of a pledgee, beneficial owner or attorney in-fact of the shareholder and, if the corporation requests, evidence acceptable to the corporation of the signatory's authority to sign for the shareholder has been presented with respect to the vote, consent waiver, proxy appointment or proxy appointment revocation;

(v) two or more persons are the shareholder as co-tenants or fiduciaries and the name signed purports to be the name of at least one of the co-tenants or fiduciaries, and the person signing appears to be acting on behalf of all the co-tenants or fiduciaries; or

(vi) the acceptance of the vote, consent waiver, proxy appointment or proxy appointment revocation is otherwise proper under rules established by the corporation that are not inconsistent with this Section 11

The corporation is entitled to reject a vote, consent, waiver proxy appointment or proxy appointment revocation if the secretary or other office or agent authorized to tabulate votes, acting in good faith, has reasonable basis for doubt about the validity of the signature on it or about the signatory's authority to sign for the shareholder.

Neither the corporation nor its officers nor any agent who accepts or rejects a vote, consent, waiver, proxy appointment or proxy appointment revocation in good faith and in accordance with the standards of this Section is liable in damages for the consequences of the acceptance or rejection

Section 12 Informal Action by Shareholders Any action required or permitted to be taken at a meeting of the shareholders may be taken without a meeting if a written consent (or counterparts thereof) that sets forth the action so taken is signed by all of the shareholders entitled to vote with respect to the subject matter thereof and received by the corporation Such consent shall have the same force and effect as a unanimous vote of the shareholders and may be stated as such in any document Action taken under this Section 12 is effective as of the date the last writing necessary to effect the action is received by the corporation, unless all of the writings specify a different effective date in which case such specified date shall be the effective date for such action If any shareholder revokes his consent as provided for herein prior to what would otherwise be the effective date, the action proposed in the consent shall be invalid. The record date for determining shareholders entitled to take action without a meeting is the date the corporation first receives a writing upon which the action is taken.

Any shareholder who has signed a writing describing and consenting to action taken pursuant to this Section 12 may revoke such consent by a writing signed by the shareholder describing the action and stating that the shareholder's prior consent thereto is revoked, if such writing is received by the corporation before the effectiveness of the action.

-7-

<PAGE>

Section 13 Meetings by Telecommunication. Any or all of the shareholders may participate in an annual or special shareholders' meeting by, or the meeting may be conducted through the use of, any means of communication by which all persons participating in the meeting may hear each other during the meeting. A shareholder participating in a meeting by this means is deemed to be present in person at the meeting.

ARTICLE III
Board of Directors

Section 1 General Powers. All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation shall be managed under the direction of its board of directors, except as otherwise provided in the Colorado Business Corporation Act or the articles of incorporation.

Section 2. Number, Qualifications and Tenure. The number of directors of the corporation shall be fixed from time to time by the board of directors, within a range of no less than three or more than nine, but no decrease in the number of directors shall have the effect of shortening the term of any incumbent director. A director shall be a natural person who is eighteen years of age or older. A director need not be a resident of Colorado or a shareholder of the Corporation.

Directors shall be elected at each annual meeting of shareholders. Each director shall hold office until the next annual meeting of shareholders following his election and thereafter until his successor shall have been elected and qualified. Directors shall be removed in the manner provided by the Colorado Business Corporation Act The members of the board may either designate one member of the board as its Chairman or elect to operate without a Chairman.

Section 3 Vacancies. Any director may resign at any time by giving written notice to the corporation. Such resignation shall take effect at the time the notice is received by the corporation unless the notice specifies a later effective date Unless otherwise specified in the notice of resignation, the corporation's acceptance of such resignation shall not be necessary to make it effective. Any vacancy on the board of directors may be filled by the affirmative vote of a majority of the shareholders or the board of directors. If the directors remaining in office constitute fewer than a quorum of the board, the directors may fill the vacancy by the affirmative vote of a majority of all the directors remaining in office. If elected by the directors, the director shall hold office until the next annual shareholders' meeting at which directors are elected. If elected by the shareholders, the director shall hold office for the unexpired term of his predecessor in office; except that, if the director's predecessor was elected by the directors to fill a vacancy, the director elected by the shareholders shall hold office for the unexpired term of the last predecessor elected by the shareholders.

Section 4 Regular Meetings A regular meeting of the board of directors shall be held without notice immediately after and at the same place as the annual meeting of shareholders. The board of directors may provide by resolution the time and place, either within or outside Colorado, for the holding of additional regular meetings without other notice.

8

<PAGE>

Section 5 Special Meetings Special meetings of the board of directors may be called by or at the request of the president or at the request of any two directors (or one director if there are then less than three (3) persons serving as directors). The person or persons authorized to call special meetings of the board of directors may fix any place either within or outside Colorado, as the place for holding any special meeting of the board of directors called by them provided that no meeting shall be called outside the State of Colorado unless a majority of the board of directors has so authorized.

Section 6 Notice. Notice of any special meeting shall be given at least two days prior to the meeting by written notice either personally delivered or mailed to each director at his business address, or by notice transmitted by telegraph, telex, electronically transmitted facsimile or other form of wire or wireless communication If mailed, such notice shall be deemed to be given and to be effective on the earlier of (i) three days after such notice is deposited in the United States mail properly addressed, with postage prepaid, or (ii) the date shown on the return receipt, if mailed by registered or certified mail return receipt requested. If notice is given by telex, electronically transmitted facsimile or other similar form of wire or wireless communication, such notice shall be deemed to be given and to be effective when sent and with respect to a telegram, such notice shall be deemed to be given and to be effective when the telegram is delivered to the telegraph company If a director has designated in writing one or more reasonable addresses or facsimile numbers for delivery of notice to him, notice sent by mail telegraph, telex, electronically transmitted facsimile or other form of wire or wireless communication shall not be deemed to have been given or to be effective unless sent to such addresses or facsimile numbers as the case may be

A director may waive notice of a meeting before or after the time and date of the meeting by a writing signed by such director Such waiver shall be delivered to the corporation for filing with the corporate records Further, a director's attendance at or participation in a meeting waives any required notice to him of the meeting unless at the beginning of the meeting, or promptly upon his later arrival the director objects to holding the meeting or transacting business at the meeting because of lack of notice or defective notice and does not thereafter vote for or assent to action taken at the meeting. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the board of directors need to be specified in the notice or waiver of notice of such meeting.

Section 7 Quorum. A majority of the number of directors fixed by the board of directors pursuant to Section 2 or, if no number is fixed, a majority of the number in office immediately before the meeting begins, shall constitute a quorum for the transaction of business at any meeting of the board of directors If less than such majority is present at a meeting, a majority of the directors present may adjourn the meeting from time to time without further notice, for a period not to exceed sixty days at any one adjournment

Section 8 Manner of Acting. The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors

Section 9. Compensation. By resolution of the board of directors, any director may be paid any one or more of the following: his expenses, if any, of attendance at meetings of the board and of committees and subcommittees of the board, a fixed sum for attendance at each such meeting, a stated salary as director, or such other compensation as the corporation and the director may reasonably agree upon. No such payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefor.

<PAGE>

Section 10. Presumption of Assent. A director of the corporation who is present at a meeting of the board of directors or committee or subcommittee of the board at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless (i) the director objects at the beginning of the meeting, or promptly upon his arrival, to the holding of the meeting or the transaction of business at the meeting and does not thereafter vote for or assent to any action taken at the meeting, (ii) the director contemporaneously requests that his dissent or abstention as to any specific action taken be entered in the minutes of the meeting, or (iii) the director causes written notice of his dissent or abstention as to any specific action to be received by the presiding officer of the meeting before its adjournment or by the corporation promptly after the adjournment of the meeting. A director may dissent to a specific action at a meeting, while assenting to others. The right to dissent to a specific action taken at a meeting of the board of directors or a committee or subcommittee of the board shall not be available to a director who voted in favor of such action.

Section 11 Committees and Subcommittees Committees of the board shall consist of an Audit Committee as described in Section 12 of these bylaws as well as an executive committee and one or more other committees and/or subcommittees. Each committee and subcommittee shall have such powers and responsibilities as may be established for the same in these bylaws and such other powers and responsibilities as may be delegated to such committee by the board. To the extent provided in these bylaws or in the board's resolution, each committee and/or subcommittee shall have all the authority of the board of directors, except that no such committee or subcommittee shall have the authority to (i) authorize distributions, (ii) approve or propose to shareholders actions or proposals required by the Colorado Business Corporation Act to be approved by shareholders, (iii) fill vacancies on the board of directors or any committee or subcommittee thereof, (iv) amend articles of incorporation, (v) adopt, amend or repeal the bylaws, (vi) approve a plan of merger not requiring shareholder approval, (vii) authorize or approve the reacquisition of shares unless pursuant to a formula or method prescribed by the board of directors, or (viii) authorize or approve the issuance or sale of shares, or contract for the sale of shares or determine the designations and relative rights, preferences and limitations of a class or series of shares, except that the board of directors may authorize a committee or subcommittee or officer to do so within limits specifically prescribed by the board of directors The committee or subcommittee shall then have full power within the limits set by the board of directors to adopt any final resolution setting forth all preferences, limitations and relative rights of such class or series and to authorize an amendment of the articles of incorporation stating the preferences, limitations and relative rights of a class or series for filing with the Secretary of State under the Colorado Business Corporation Act.

The Chairman of the board (if any or if none, by resolution adopted by a majority of all the directors in office when the action is taken), shall have the power, subject to the approval of the board, to: (i) appoint any director to membership on any committee or subcommittee who shall be willing to serve on the same and (ii) remove any person from membership on any committee or subcommittee without cause The Chairman of the board, if any, subject to the approval of the board, shall reappoint the membership of the committees and subcommittees at each annual meeting of the board and any person's membership on any committee or subcommittee shall automatically terminate at each annual meeting of the board unless such person shall be reappointed to such membership at such annual meeting. A person's membership on any committee or subcommittee shall automatically terminate when such person ceases to be a director of the corporation

Sections 4, 5, 6, 7, 8 and 12 of Article III, which govern meetings, notice, waiver of notice, quorum, voting requirements and action without a meeting of the board of directors, shall apply to committees, subcommittees and their members appointed under this Section 11 Each committee shall keep regular minutes of its meetings and report the same to the Board of directors when required.

<PAGE>

Neither the designation of any such committee or subcommittee, the delegation of authority to such committee or subcommittee, nor any action by such committee or subcommittee pursuant to its authority shall alone constitute compliance by any member of the board of directors or a member of the committee or subcommittee in question with his responsibility to conform to the standard of care set forth in Article III, Section 14 of these bylaws

Section 12 Audit Committee The corporation shall have a standing Audit Committee which shall be deemed created under and pursuant to the provisions of Section 11 of these bylaws The board shall have the power to establish the number of membership positions on the Audit Committee from time to time and to change the number of membership positions on such committee from time to time. The members of the Audit Committee shall be determined by the Chairman of the board, if any, subject to the approval of the board, provided that the majority of the members of the Audit Committee shall be independent directors.

The Audit Committee shall: (i) recommend to the board annually a firm of independent public accountants to act as auditors for the corporation and its subsidiaries to be included in the corporation's consolidated financial statements; (ii) review with the auditors in advance the scope of their annual audit for the corporation, (iii) review with the auditors and the management

from time to time, the accounting principles, policies, and practices of the corporation and its reporting policies and practices for the corporation; (iv) review with the auditors annually the results of their audit for the corporation; (v) review from time to time with the auditors and the internal financial personnel the adequacy of the accounting, financial and operating controls for the corporation; and (vi) exercise such other authority which shall from time to time be delegated to the committee by the board or which the committee shall deem reasonably related to any authority expressly delegated to the committee in or pursuant to this Section. 12.

Section 13 Informal Action by Directors. Any action required or permitted to be taken at a meeting of the directors or any committee or subcommittee designated by the board of directors may be taken without a meeting if a written consent (or counterparts thereof) that sets forth the action so taken is signed by all of the directors entitled to vote with respect to the action taken. Such consent shall have the same force and effect as a unanimous vote of the directors or committee or subcommittee members and may be stated as such in any document. Unless the consent specifies a different effective date, action taken under this Section 12 is effective at the time the last director signs a writing describing the action taken, unless, before such time, any director has revoked his consent by a writing signed by the director and received by the president or the secretary of the corporation.

Section 14 Telephonic Meetings. The board of directors may permit any director (or any member of a committee or subcommittee designated by the board) to participate in a regular or special meeting of the board of directors or a committee or subcommittee thereof through the use of any means of communication by which all directors participating in the meeting can hear each other during the meeting. A director participating in a meeting in this manner is deemed to be present in person at the meeting.

Section 15. Standard of Care. A director shall perform his duties as a director, including without limitation his duties as a member of any committee of the board, in good faith, in a manner he reasonably believes to be in the best interests of the corporation, and with the care an ordinarily prudent

<PAGE>

person in a like position would exercise under similar circumstances. In performing his duties, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by the person herein designated. However, he shall not be considered to be acting in good faith if he has knowledge concerning the matter in question that would cause such reliance to be unwarranted. A director shall not be liable to the corporation or its shareholders for any action he takes or omits to take as a director if, in connection with such action or omission, he performs his duties in compliance with this Section 14.

The designated persons on whom a director is entitled to rely are (i) one or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented (ii) legal counsel, public accountant, or other person as to matters which the director reasonably believes to be within such person's professional or expert competence or (iii) a committee or subcommittee of the board of directors on which the director does not serve if the director reasonably believes the committee or subcommittee merits confidence

Section 16. Nomination of Directors. Subject to the rights if any, of the holders of shares of preferred stock then outstanding, if any, only persons who are nominated in accordance with the following procedures shall be eligible for election as directors. Nominations of persons for election to the Board of directors of the corporation made be made at a meeting of shareholders by or at the direction of the Board of directors, by any nominating or other committee or person appointed by the Board, or by any shareholder of the corporation entitled to vote for the election of directors at the meeting who complies with the notice procedures set forth in this Section 16. Such nominations, other than those made by or at the direction of the Board or by any nominating or other committee or person appointed by the Board, shall be made pursuant to timely notice in writing to the Secretary of the corporation To be timely, a shareholder's notice shall be delivered to, or mailed and received at, the principal business offices of the corporation by no later than the same deadlines specified in Article II, Section 1(iii), just as if the notice were submitting proper business to be conducted at an annual meeting Such shareholder s notice to the Secretary shall set forth (i) as to each person whom the shareholder proposes to nominate for election or reelection as a director, (a) the name, age, business address and residence address of the person, (b) the principal occupation or employment of the person and his or her employment history for the most recent five years (c) the class and number of shares of capital stock of the corporation which are beneficially owned by the person, (d) the consent of the person to serve as a director if so elected and (e) any other information relating to the person that is required to be disclosed in solicitations for proxies for election of directors pursuant to the rules and regulations under the Securities Exchange Act of 1934 as amended; and (ii) as to the shareholder giving the notice (a) the name and record address of the shareholder, (b) the class and number of shares of capital stock of the corporation which are beneficially owned by the shareholder, (c) a description of all arrangements or understandings between the shareholder and each nominee and any other person or persons pursuant to which the nomination or nominations are to be made by the shareholder and (d) a representation that the shareholder is a holder of record of stock of the corporation entitled to vote at such meeting and intends to appear in person or by proxy at the meeting to nominate the person or persons specified in the notice The corporation may require any proposed nominee to furnish such other information as may reasonably be required by the corporation to determine the eligibility of such proposed nominee to serve as director of the corporation or for use in the preparation of materials used for the solicitation of proxies for the election of directors The Chairman of the Board shall, if the facts warrant, determine and declare to the meeting that a nomination was not made in accordance with the foregoing procedure, and if he should so determine, he shall so declare to the meeting and the defective nomination shall be disregarded.

<PAGE>

ARTICLE IV
Officers and Agents

Section 1. General. The officers of the corporation shall be a president, one or more vice presidents, a secretary, and a controller, each of whom shall be a natural person eighteen years of age or older The board of directors or an officer or officers authorized by the board may appoint such other officers and assistants as they may consider necessary. The board of directors or the officer or officers authorized by the board shall from time to time determine the procedure for the appointment of officers, their term of office, their authority and duties and their compensation. One person may hold more than one office. In all cases where the duties of any officer, agent or employee are not prescribed by the bylaws or by the board of directors, such officer, agent or employee shall follow the orders and instructions of the president of the corporation.

Section 2. Appointment and Term of Office The officers of the corporation shall be appointed from time to time as determined by the board of directors. If any officer or officers are to be appointed by another officer or officers of the corporation, such appointments shall be made as soon as conveniently may be. Each officer shall hold office until the first of the following occurs: his successor shall have been duly appointed and qualified, his death, his resignation, or his removal in the manner provided in Section 3.

Section 3 Resignation and Removal An officer may resign at any time by giving written notice of resignation to the corporation. The resignation is effective when the notice is received by the corporation unless the notice specifies a later effective date.

Any officer or agent may be removed at any time with or without cause by the board of directors or an officer or officers authorized by the board. Such removal does not affect the contract rights, if any, of the corporation or of the person so removed. The appointment of an officer or agent shall not in itself create contract rights

Section 4. Vacancies. A vacancy in any office, however occurring, may be filled by the board of directors, or by the officer or officers authorized by the board, for the unexpired portion of the officer's term. If an officer resigns and his resignation is made effective at a later date, the board of directors, or officer or officers authorized by the board, may permit the officer to remain in office until the effective date and may fill the pending vacancy before the effective date if the board of directors or officer or officers authorized by the board provide that the successor shall not take office until the effective date In the alternative, the board of directors or officer or officers authorized by the board of directors may remove the officer at any time before the effective date and may fill the resulting vacancy.

Section 5 President. Subject to the direction and supervision of the board of directors, the president shall have general and active control of its affairs and business and general supervision of its officers, agents and employees Unless otherwise directed by the board of directors the president shall attend in person or by substitute appointed by him, or shall execute on behalf of the corporation written instruments appointing a proxy or proxies to represent the corporation at all meetings of the shareholders of any other corporation in which the corporation holds any stock. On behalf of the corporation, the president may in person or by substitute or proxy execute written waivers of notice and consents with respect to any such meetings At all such meetings and otherwise, the president, in person or by substitute or proxy, may vote the stock held by the corporation, execute written consents and other instruments with respect to such stock, and exercise any and all rights and powers incident to the ownership of said stock, subject to the instructions, in any, of the

<PAGE>

board of directors. The president shall have custody of the controller's bond, if any. The president shall have such additional authority and duties as are appropriate and customary for the office of president and chief executive officer, except as the same may be expanded or limited by the board of directors from time to time.

Section 6. Vice Presidents The vice presidents shall assist the president and shall perform such duties as may be assigned to them by the president or by the board of directors In the absence of the president, the vice president, if any (or, if more than one, the vice presidents in the order designated by the board of directors, of if the board makes no such designation, then the vice president designated by the president, or if neither the board nor the president makes any such designation, the senior vice president as determined by first election of that office) shall have the powers and perform the duties of the president.

Section 7. Secretary. The secretary shall (i) prepare and maintain as permanent records the minutes of the proceedings of the shareholders and the board of directors, a record of all actions taken by the shareholders or board of directors without a meeting, a record of all actions taken by a committee of the board of directors in place of the board of directors on behalf of the corporation, and a record of all waivers of notice of meetings of shareholders and of the board of directors or any committee thereof, (ii) see that all notices are duly given in accordance with the provisions of these bylaws and as required by law, (iii) serve as custodian of the corporate records and of the seal of the corporation and affix the seal to all documents when authorized by the board of directors, (iv) keep at the corporation's registered office or principal place of business a record containing the names and addresses of all shareholders in a form that permits preparation of a list of shareholders arranged by voting group and by class or series of shares within each voting group, that is alphabetical within each class or series and that shows the address of, and the number of shares of each class or series held by, each shareholder, unless such a record shall be kept at the office of the corporation's transfer agent or registrar, (v) maintain at the corporation's

principal office the originals or copies of the corporation's articles of incorporation, bylaws, minutes of all shareholders' meetings and records of all action taken by shareholders without a meeting for the past three years, all written communications within the past thee years to shareholders as a group or to the holders of any class or series of shares as a group, a list of the names and business addresses of the current directors and officers, a copy of the corporation's most recent corporate report filed with the Secretary of State, and financial statements showing in reasonable detail the corporation's assets and liabilities and results of operations for the last three years, (vi) have general charge of the stock transfer books of the corporation, unless the corporation has a transfer agent, (vii) authenticate records of the corporation, and (viii) in general, perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to him by the president or by the board of directors. Assistant secretaries, if any, shall have the same duties and powers, subject to supervision by the secretary. The directors and/or shareholders may however respectively designate a person other than the secretary or assistant secretary to keep the minutes of their respective meetings. The board of directors may appoint the person serving as vice president and general counsel to act as the secretary of the corporation.

Any books, records, or minutes of the corporation may be in written form or in any form capable of being converted into written form within a reasonable time.

Section 8 Controller The controller shall be the principal financial officer of the corporation, shall have the care and custody of all funds, securities, evidences of indebtedness and other personal property of the corporation and shall deposit the same in accordance with the instructions of the board of directors. He shall receive and give receipts and acquittances for money paid in on account of the corporation, and shall pay out of the

-14-

<PAGE>

corporation's funds on hand all bills, payrolls and other just debts of the corporation of whatever nature upon maturity. He shall perform all other duties incident to such office and, upon request of the board, shall make such reports to it as may be required at any time. He shall, if required by the board, give the corporation a bond in such sums and with such sureties as shall be satisfactory to the board, conditioned upon the faithful performance of his duties and for the restoration to the corporation of all books, papers, vouchers, money and other property of whatever kind in his possession or under his control belonging to the corporation. He shall have such other powers and perform such other duties as may from time to time be prescribed by the board of directors or the president

The controller shall also be the principal accounting officer of the corporation He shall prescribe and maintain the methods and systems of accounting to be followed, keep complete books and records of account as required by the Colorado Business Corporation Act prepare and file all local, state and federal tax returns prescribe and maintain an adequate systems of internal audit and prepare and furnish to the president and the board of directors statements of account showing the financial position of the corporation and the results of its operations.

Section 9 Treasurer The treasurer, if any, shall serve as an assistant to the controller and shall perform the duties of the controller to the extent the board so designates

ARTICLE V
Stock
-----

Section 1 Certificates. The board of directors shall be authorized to issue any of its classes of shares with or without certificates The fact that the shares are not represented by certificates shall have no effect on the rights and obligations of shareholders. If the shares are represented by certificates, such shares shall be represented by consecutively numbered certificates signed, either manually or by facsimile, in the name of the corporation by one or more persons designated by the board of directors. In case any officer who has signed or whose facsimile signature has been placed upon such certificate shall have ceased to be such officer before such certificate is issued, such certificate may nonetheless be issued by the corporation with the same effect as if he were such officer at the date of its issue Certificates of stock shall be in such form and shall contain such information consistent with law as shall be prescribed by the board of directors. If shares are not represented by certificates, within a reasonable time following the issue or transfer of such shares, the corporation shall send the shareholder a complete written statement of all of the information required to be provided to holders of uncertificated shares by the Colorado Business Corporation Act.

Section 2 Consideration for Shares. Certificated or uncertified shares shall not be issued until the shares represented thereby are fully paid. The board of directors may authorize the issuance of shares for consideration consisting of any tangible or intangible property or benefit to the corporation, including cash, promissory notes, services performed or other securities of the corporation Future services shall not constitute payment or partial payment for shares of the corporation. The promissory note of a subscriber or an affiliate of a subscriber shall not constitute payment or partial payment for shares of the corporation unless the note is negotiable and is secured by collateral, other than the shares being purchased, having a fair market value at least equal to the principal amount of the note For purposes of this Section 2, "promissory note" means a negotiable instrument on which there is an obligation to pay independent of collateral and does not include a non-recourse note.

-15-

<PAGE>

Section 3. Lost Certificates. In case of the alleged loss, destruction or mutilation of a certificate of stock, the board of directors may direct the issuance of a new certificate of stock, the board of directors may direct the issuance of a new certificate in lieu thereof upon such terms and conditions in conformity with law as the board may prescribe. The board of directors may in

its discretion require an affidavit of lost certificate and/or a bond in such form and amount and with such surety as it may determine before issuing a new certificate.

Section 4. Transfer of Shares. Upon surrender to the corporation or to a transfer agent of the corporation of a certificate of stock duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, and receipt of such documentary stamps as may be required by law and evidence of compliance with all applicable securities laws and other restrictions, the corporation shall issue a new certificate to the person entitled thereto, and cancel the old certificate. Every such transfer of stock shall be entered on the stock books of the corporation which shall be kept at its principal office or by the person and the place designated by the board of directors.

Except as otherwise expressly provided in Article II, Sections 7 and 11, and except for the assertion of dissenters' rights to the extent provided in Article 113 for the Colorado Business Corporation Act, the corporation shall be entitled to treat the registered holder of any shares of the corporation as the owner thereof for all purposes, and the corporation shall not be bound to recognize any equitable or other claim to, or interest in, such shares or rights deriving from such shares on the part of any person other than the registered holder, including without limitation any purchaser, assignee or transferee of such shares or rights deriving from such shares, unless and until such other person becomes the registered holder of such shares, whether or not the corporation shall have either actual or constructive notice of the claimed interest of such other person

Section 5 Transfer Agent, Registrars and Paying Agents. The board may at its discretion appoint one or more transfer agents, registrars and agents for making payment upon any class of stock, bond, debenture or other security of the corporation Such agents and registrars may be located either within or outside Colorado. They shall have such rights and duties and shall be entitled to such compensation as may be agreed.

ARTICLE VI
Indemnification of Certain Persons

Section 1. Definitions. The following definitions shall apply to the terms as used in this Article:

a "Corporation" includes this corporation and any domestic or foreign predecessor entity of the corporation in a merger, or other transaction in which the predecessor's existence ceased upon consummation of the transaction.

b "Director" means an individual who is or was a director of the corporation and an individual who, while a director of the corporation, is or was serving at the corporation's request as a director, officer, partner, trustee employee, or agent of any other foreign or domestic corporation or of any partnership, joint venture, trust, other enterprise or person, or employee benefit plan A director shall be considered to be serving an employee benefit plan at the corporation's request if his or her duties to the corporation also impose duties on or otherwise involve services by him or her to the plan or to participants in or beneficiaries of the plan. "Director" includes, unless the context otherwise requires, the estate or personal representative of a director

<PAGE>

c "Expenses" includes attorneys fees

d. "Liability" means the obligation to pay a judgment, settlement, penalty, fine (including an excise tax assessed with respect to an employee benefit plan), or reasonable expense incurred with respect to a proceeding.

e "Official capacity," when used with respect to a director, means the office of director in the corporation, and, when used with respect to a person other than a director, means the office in the corporation held by the officer or the employment or agency relationship undertaken by the employee or agent on behalf of the corporation. "Official capacity" does not include service for any other foreign or domestic corporation or for any partnership, joint venture, trust other enterprise, or employee benefit plan

f "Party" includes a person who was, is, or is threatened to be made a named defendant or respondent in a proceeding

g "Proceeding" means any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative and whether formal or informal.

Section 2 Indemnification for Liability

a. Except as provided in paragraph d. of this Section 2, the corporation shall indemnify against liability incurred in any proceeding any person made a party to the proceeding because he or she is or was a director or officer if i, he or she conducted himself or herself in good faith; (ii) he or she reasonably believed: (a) in the case of conduct in his or her official capacity with the corporation, that his or her conduct was in the corporation's best interests or (b) in all other cases, that his or her conduct was at least not opposed to the corporation's best interests; and (iii) in the case of any criminal proceeding, he or she had no reasonable cause to believe his or her conduct was unlawful.

b A director's or officer's conduct with respect to an employee benefit plan for a purpose he or she reasonably believed to be in the interests of the participants in or beneficiaries of the plan is conduct that satisfies the requirements of this Section 2. A director's or officer's conduct with respect to an employee benefit plan for a purpose that he or she did not reasonably believe to be in the interests of the participants in or beneficiaries of the plan shall be deemed not to satisfy the requirements of this Section 2.

c. The termination of any proceeding by judgment, order, settlement, or conviction, or upon a plea of nolo contendere or its equivalent, is not of itself determinative that the person did not meet the standard of conduct set forth in paragraph a. of this Section 2.

d. The corporation may not indemnify a director or officer under this Section 2 either: (i) in connection with a proceeding by or in the right of the corporation in which the director or officer was adjudged liable to the corporation; or (ii) in connection with any proceeding charging improper personal benefit to the director or officer, whether or not involving action in his or her official capacity, in which he or she was adjudged liable on the basis that personal benefit was improperly received by him or her.

<PAGE>

e. Indemnification permitted under this Section 2 in connection with a proceeding by or in the right of the corporation is limited to reasonable expenses incurred in connection with the proceeding.

Section 3 Mandatory Indemnification.

a Except as limited by these bylaws, the corporation shall be required to indemnify a director or officer of the corporation who was wholly successful, on the merits or otherwise, in defense of any proceeding to which he or she was a party because the person is or was a director or officer, against reasonable expenses incurred by him or her in connection with the proceeding.

b Except as otherwise limited by these bylaws, a director or officer who is or was a party to a proceeding may apply for indemnification to the court conducting the proceeding or to another court of competent jurisdiction. On receipt of an application, the court, after giving any notice the court considers necessary, may order indemnification in the following manner:

(i) If it determines the director or officer is entitled to mandatory indemnification, the court shall order indemnification under paragraph a. of this Section 3, in which case the court shall also order the corporation to pay the director's or officer's reasonable expenses incurred to obtain court-ordered indemnification.

(ii) If it determines that the director or officer is fairly and reasonably entitled to indemnification in view of all the relevant circumstances, whether or not he or she met the standard of conduct set forth in paragraph a of Section 2 of this Article or was adjudged liable in the circumstances described in paragraph d of Section 2 of this Article, the court may order such indemnification as the court deems proper, except that the indemnification with respect to any proceeding in which liability shall have been adjudged in the circumstances described in paragraph d. of Section 2 of this Article is limited to reasonable expenses incurred

c Notwithstanding Section 3(b above in this Article, no person shall be entitled to be reimbursed for any expense incurred in connection with a court proceeding to obtain court ordered indemnification unless such person has first made a reasonable application to the corporation for indemnification, and the corporation has either unreasonably denied such application or through no fault of the applicant has been unable to consider such application within a reasonable time.

Section 4 Limitation on Indemnification

a The corporation may not indemnify a director or officer under Section 2 of this Article unless authorized in the specific case after a determination has been made that indemnification of the director or officer is permissible in the circumstances because he or she has met the standard of conduct set forth in paragraph a. of Section 2 of this Article

b. The determination required to be made by paragraph a of this Section 4 shall be made (i) by the board of directors by a majority vote of a quorum, which quorum shall consist of directors not parties to the proceeding; or (ii) if a quorum cannot be obtained, by a majority vote of a committee of the board designated by the board, which committee shall consist of two or more directors not parties to the proceeding; except that directors who are parties to the proceeding may participate in the designation of directors for the committee

<PAGE>

c. If the quorum cannot be obtained or the committee cannot be established under paragraph b. of this Section 4, or even if a quorum is obtained or a committee designated if such quorum or committee so directs, the determination required to be made by paragraph a. of this Section 4 shall be made (i) by independent legal counsel selected by a vote of the board of directors or the committee in the manner specified in subparagraph (i) or (ii) of paragraph b of this Section 4 or, if a quorum of the full board cannot be obtained and a committee cannot be established, by independent legal counsel selected by a majority vote of the full board; or (ii. by the shareholders.

d. Authorization of indemnification and evaluation as to reasonableness of expenses shall be made in the same manner as the determination that indemnification is permissible; except that, if the determination that indemnification is permissible is made by independent legal counsel authorization of indemnification and evaluation as to reasonableness of expenses shall be made by the body that selected said counsel.

Section 5. Advance of Expenses.

a. The corporation may pay for or reimburse the reasonable expenses incurred by a director, officer, employee or agent who is a party to a

proceeding in advance of final disposition of the proceeding if·

(i) The director, officer, employee or agent furnishes the corporation a written affirmation of his or her good faith belief that he or she has met the standard of conduct described in subparagraph (i) of paragraph a. of Section 2 of this Article;

(ii) The director, officer, employee or agent furnishes the corporation a written undertaking, executed personally or on his or her behalf, to repay the advance if it is determined that he or she did not meet such standard of conduct; and

(iii) A determination is made that the facts then known to those making the determination would not preclude indemnification under this Article.

b. The undertaking required by subparagraph (ii) of paragraph a. of this Section 5 shall be an unlimited general obligation of the director, officer, employee or agent, but need not be secured and may be accepted without reference to financial ability to make repayment

c. Determinations and authorizations of payments under this Section shall be made in the manner specified under Section 4 of this Article.

Section 6. Reimbursement of Witness Expenses. The sections of this Article do not limit the corporation's authority to pay or reimburse expenses incurred by a director in connection with his or her appearance as a witness in a proceeding at a time when he or she has not been made a named defendant or respondent in the proceeding

Section 7. Insurance for Indemnification. The corporation may purchase and maintain insurance on behalf of a person who is or was a director, officer, employee, fiduciary, or agent of the corporation or who, while a director,

-19-

<PAGE>

officer, employee, fiduciary, or agent of the corporation, is or was serving at the request of the corporation as a director, officer, partner, trustee, employee, fiduciary, or agent of any other foreign or domestic corporation or of any partnership, joint venture, trust, other enterprise, or employee benefit plan against any liability asserted against or incurred by him or her in any such capacity or arising out of his or her status as such, whether or not the corporation would have the power to indemnify him or her against such liability under the provisions of this Article Any such insurance may be procured from any insurance company designated by the board of directors of the corporation, whether such insurance company is formed under the laws of Colorado or elsewhere, including any insurance company in which the corporation has equity or any other interest, through stock or otherwise

Section 8 Notice of Indemnification. Any indemnification of or advance of expenses to a director in accordance with this Article, if arising out of a proceeding by or on behalf of the corporation, shall be reported in writing to the shareholders with or before the notice of the next shareholders meeting.

Section 9 Indemnification of Officers, Employees and Agents of the Corporation The board of directors may indemnify and advance expenses to an officer, employee or agent of the corporation who is not a director of the corporation to the same or greater extent as to a director if such indemnification and advance expense payment is provided for in the Articles of Incorporation, these bylaws, by resolution of the shareholders or directors or by contract, in a manner consistent with the Colorado Business Corporation Act

ARTICLE VII
Miscellaneous

Section 1 Seal. The corporate seal of the corporation shall be circular in form and shall contain the name of the corporation and the words, "Seal Colorado."

Section 2. Fiscal Year. The fiscal year of the corporation shall be as established by the board of directors

Section 3. Amendments. The board of directors shall have power to the maximum extent permitted by the Colorado Business Corporation Act, to make, amend and repeal the bylaws of the corporation at any regular or special meeting of the board unless the shareholders, in making, amending or repealing a particular bylaw, expressly provide that the directors may not amend or repeal such bylaw. The shareholders also shall have the power to make, amend or repeal the bylaws of the corporation at any annual meeting or at any special meeting called for that purpose.

Section 4. Gender. The masculine gender is used in these bylaws as a matter of convenience only and shall be interpreted to include the feminine and neuter genders as the circumstances indicate

Section 5. Conflicts. In the event of any irreconcilable conflict between these bylaws and either the corporation's articles of incorporation or applicable law, the latter shall control

Section 6. Receipt of Notices by the Corporation Notices, shareholder writings consenting to action, and other documents or writings shall be deemed to have been received by the corporation when they are actually received: (i) at the registered office of the corporation in Colorado; (ii) at the principal office of the corporation (as that office is designated in the most recent document filed by the corporation with the Secretary of State for Colorado designating a principal office) addressed to the attention of the secretary of

-20-

<PAGE>

the corporation; (iii) by the secretary of the corporation wherever the secretary may be found; or (iv) by any other person authorized from time to time

by the board of directors or the president to receive such writings, wherever such person is found.

Section 7 Definitions. Except as otherwise specifically provided in these bylaws, all terms used in these bylaws shall have the same definition as in the Colorado Business Corporation Act

Certificate of Secretary

I, the undersigned, do hereby certify:

(1) That I am the duly elected and acting Secretary of the corporation; and

(2) That the foregoing bylaws constitute the bylaws of said corporation as duly adopted by the board of directors of the corporation as of December 28, 1998

In Witness Whereof I have hereunto subscribed my name this 22 of February, 1999

/s/ Suzan M Schlatter

Suzan M Schlatter, Secretary