```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GARY H. SCHLATTER, et al.,                  :

                                            :         OPINION AND ORDER
              Plaintiffs,
                                            :
       -v.-                                           13 Civ. 2793 (GWG)
                                            :

CHINA PRECISION STEEL, INC. AS              :
SUCCESSOR-IN-INTEREST TO ORALABS
HOLDING CORP.,                              :

              Defendant.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Defendant China Precision Steel, Inc., successor-in-interest to Oralabs Holding Corp., moves the Court pursuant to Federal Rule of Civil Procedure 55(c) to vacate a default entered against it by the Clerk on June 20, 2013. For the reasons that follow, this motion is granted.[1]

I. BACKGROUND

Plaintiffs Gary H. Schlatter, Robert C. Gust, Michael I. Freiss, and Allen R. Goldstone (collectively "plaintiffs") commenced this action against defendant China Precision Steel, Inc. ("China Precision") as successor-in-interest to Oralabs Holding Corp. ("Oralabs") seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. As former directors of Oralabs, prior to its merger with China Precision, plaintiffs argue that they are entitled to indemnification for expenses incurred by them in defending a separate lawsuit brought against them in the Southern District of New York and for expenses incurred by them in connection with the instant

---

[1] A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). See J & J Sports Prod., Inc. v. Martinez, 2013 WL 2147790, at *1 n.2 (M.D.N.C. May 16, 2013) (citing cases).

1

proceeding. See Complaint, filed April 26, 2013 (Docket # 1) ("Compl."), ¶¶ 18-19.

The underlying case, the defense of which gives rise to the instant suit for indemnification, was filed on March 9, 2012, by Haining Zhang ("Zhang") and China Venture Partners, Inc. ("CVP"). See Zhang et al v. Schlatter et al., 12 Civ. 1793 (ALC)(GWG) ("the Zhang action"). The Zhang action alleged various state and federal claims against the plaintiffs in this case with respect to their conduct as directors of Oralabs. See First Amended Complaint, 12 Civ. 1793 (ALC)(GWG), filed June 11, 2012 (Docket # 44) (the "Zhang Compl.").[2] Following briefing, Judge Carter dismissed the Zhang action in its entirety on March 13, 2013. See Memorandum & Order, 12 Civ. 1793 (ALC)(GWG), dated March 13, 2013 (Docket # 118).

According to the complaint in this case, plaintiffs incurred approximately $56,000 in expenses in connection with the Zhang action, and anticipate incurring at least $20,000 in additional expenses prosecuting this lawsuit and opposing the appeal in the Zhang action. See Compl. ¶ 7.

Plaintiffs served China Precision in the instant action by delivering a copy of the summons and complaint to China Precision's authorized agent, Corporation Service Co. ("CSC"), on May 2, 2013. See Proof of Service, filed May 17, 2013 (Docket # 4). China Precision states that it did not receive notice from CSC because CSC had an incorrect e-mail address for the designated point of contact between China Precision and CSC, who is Leada Tak

---

[2]In brief, the complaint alleged that Oralabs retained CVP (of which Zhang was a principal) to help Oralabs seek a corporate merger partner. As part of this arrangement, CVP helped identify suitable target companies and provided "confidential resources" to Oralabs about these potential merger partners. However, Oralabs and its directors allegedly used this confidential information to pursue a merger to the exclusion of CVP. The complaint alleged that this conduct was a breach of a non-disclosure/non-circumvention agreement in effect between CVP and Oralabs. See Zhang Compl. ¶¶ 79-123.

Tai Li, the Chief Financial Officer of China Precision.  See Certification of Leada Li in Support of Motion to Vacate Default, filed July 24, 2013 (Docket #14) ("Li Decl.").  CSC then attempted to notify China Precision's outside corporate counsel, Scott Kline, by email but that email "went into Mr. Kline's spam folder."  Li Decl. ¶¶ 4-5.

China Precision's response to the complaint was due May 23, 2013, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).  At plaintiffs' request, the Clerk of the Court entered a default against China Precision on June 20, 2013.  See Request for Entry of Default, filed June 19, 2013 (Docket # 5); Clerk's Certificate of Default, filed June 20, 2013 (Docket # 6).  The following week, plaintiffs filed a motion for a default judgment.  See Motion for Default Judgment, filed June 28, 2013 (Docket # 7).  In China Precision's memorandum of law, counsel states that the first notice China Precision received of the suit came about when the motion for a default judgment was served on China Precision's counsel.  See Memorandum of Law in Support of Motion to Vacate Default, filed July 24, 2013 (Docket # 12) ("Default Mem.") at 6.  On July 8, 2013, an attorney for China Precision sent a letter to the Court seeking to file a motion to vacate the entry of default.  See Letter from John M. Deitch, filed July 9, 2013 (Docket # 10).  Shortly thereafter, China Precision filed the instant motion.[3]

II. LAW GOVERNING MOTIONS TO VACATE A DEFAULT

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Rule

---

[3] See Notice of Motion to Vacate Default, filed July 24, 2013 (Docket # 11); Default Mem.; Declaration of John M. Deitch in Support of Motion to Vacate Default, filed July 24, 2013 (Docket # 13) ("Deitch Decl."); Li Decl; Plaintiff's [sic] Response to Motion to Vacate Default, filed Aug. 7, 2013 (Docket # 15) ("Response Mem.").

55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).[4] The factors used by courts to decide whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

The determination of whether to set aside a default is left to the "sound discretion of the judge, the person most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties." Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991) (citations and quotation marks omitted). Because Rule 55(c) does not define the term "good cause," the Second Circuit has established three criteria that district courts must assess in deciding whether to relieve a party from a default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Enron Oil Corp., 10 F.3d at 96. These criteria must be applied in light of the Second Circuit's "strong preference for resolving disputes on the merits." Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); accord Meehan v.

---

[4]As the Second Circuit has explained:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk.

Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (citations omitted).

Snow, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored . . . and doubts are to be resolved in favor of a trial on the merits.") (citations omitted).

III. DISCUSSION

China Precision's motion to vacate the entry of default under Rule 55(c) is premised on the assertion that it did not receive notice of plaintiffs' lawsuit as a result of "inadvertent error." See Default Mem. at 2. Plaintiffs state that they oppose China Precision's motion but have submitted only the affidavit of their attorney. See Response Mem. Such a response violates Local Civil Rule 7.1(b) which, insofar as it incorporates Local Civil Rule 7.1(a)(2), required plaintiff to submit "[a] memorandum of law, setting forth the cases and other authorities relied upon in [opposing the motion], and divided, under appropriate headings, into as many parts as there are issues to be determined." The attorney affidavit does not satisfy this obligation as it does not mention any case law or legal authority whatsoever, let alone discuss the factors this Court must consider in deciding whether to vacate an entry of default. Instead, it provides an explanation of why the plaintiffs filed the motion for a default judgment based on the information they had at the time of its filing. See Response Mem. at 1-2. Obviously, such a response is insufficient to oppose the motion and the Court would grant China Precision's motion for this reason alone.

Additionally, the motion must be granted on the merits. The Second Circuit has interpreted "willfulness" in the context of a default to refer to conduct that is "more than merely negligent or careless." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Here the default was at most the product of negligence or carelessness. See, e.g., American Alliance Ins. Co., Ltd v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (wilfulness not shown where defendant's failure to answer the complaint was "due to a filing mistake by its in-house counsel's clerk" that "went

5

unnoticed for two months" and was "grossly negligent").

On the issue of prejudice, the Second Circuit has held that "[d]elay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (citation omitted). Here, discovery has not even begun and plaintiffs have articulated no prejudice that has occurred as a result of the delay. See, e.g., Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 993 (E.D.N.Y.1995) (no prejudice found where some defendants had only recently accepted service and discovery had not yet commenced). Thus, this factor too weighs in favor of vacating the default.

Finally, on the question of a meritorious defense, the defendant "need not conclusively establish the validity of the defense(s) asserted," Davis, 713 F.2d at 916, but need only present evidence of facts that, "if proven at trial, would constitute a complete defense," Enron Oil Corp. 10 F.3d at 98 (citations omitted). "Though a defendant need not conclusively establish the validity of the defense asserted, [he] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." DeCurtis v. Upward Bound Intern., Inc., 2012 WL 4561127, at *8 (S.D.N.Y. Sept. 27, 2012) (citing Salomon v. 1498 Third Realty Corp., 148 F.R.D. 127, 130 (S.D.N.Y.1993)). China Precision argues that it can defend this suit because "[t]he language of the bylaws makes clear that the obligation to indemnify current or former directors is not mandatory or absolute. Instead, it is contingent on the conduct of the individual as alleged in the Complaint and subject to the Board's review and consideration." Default Mem. at 9. Plaintiffs have submitted nothing to counter China

Precision's arguments on this point. Thus we accept that this factor also weighs in China Precision's favor.

IV. CONCLUSION

Because all relevant factors weigh strongly in favor of vacatur, China Precision's motion to vacate the Clerk's entry of default (Docket # 11) is granted.

SO ORDERED.

Dated: September 25, 2013
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge